IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK MAUE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| -v- | § | Civil No. _____ |
| | § | |
| CHAMPION HOME BUILDERS, INC. | § | |
| | § | |

PLAINTIFF MARK MAUE'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Mark Maue ("Maue" or "Plaintiff") files this Original Complaint and Jury Demand, against Defendant Champion Home Builders, Inc. ("Champion" or "Defendant") because Champion discriminated against him on the basis of his race and nationality and retaliated against him for his protected activities of complaining of illegal discrimination and assisting another employee in doing so. Maue respectfully shows the following:

Mark Maue was a faithful employee of Champion for several months before leaving and then being recruited back in September 2021. Upon Maue's return, things were different. In particular, Hispanic employees would intentionally switch from speaking English to speaking Spanish when he was around to exclude him from conversations and hinder his ability to do his job. Maue always gave his best efforts, but eventually reported his racial discrimination in the fall of 2021. Champion did nothing. Then, another white employee approached him facing the same discrimination, and Maue recommended that employee also report the discrimination to Champion. Again, Champion did nothing. Instead, less than two weeks later, Champion discriminated against Maue and retaliated against him for his protected activity by firing him for

PLAINTIFF'S ORIGINAL COMPLAINT                                    Page       1

allegedly going outside of his assigned area one time—even though it routinely allowed Hispanic employees to do so without consequence. Maue had no formal discipline before this termination.

## I. PARTIES

1. Mark Maue is an individual residing in Johnson County, Texas.

2. Champion Home Builders, Inc. is a foreign corporation doing business in that state of Texas. Champion may be served with process by serving its registered agent, C T Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## II. JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction to hear the merits of Plaintiff's race discrimination claims under 29 U.S.C. § 2917 because it presents a question of federal law and this court is a court of competent jurisdiction.

4. The Court has original jurisdiction to hear this complaint under 28 U.S.C. § 1331 as this action is being brought under 42 U.S.C. § 1981.

5. Venue is appropriate in the Northern District of Texas, Dallas Division, because the actions giving rise to this lawsuit occurred within this District.

## III. FACTS

6. Mark Maue, who is white, initially worked with Champion between April 2021 to July 2021 before he left for a different opportunity.

7. After a brief time working elsewhere, he then returned on or around September 20, 2021, at the urging of Randy Read, General Manager of the Mansfield, Texas location.

8. For the duration of his employment, Maue always gave his best efforts to Champion.

9. Maue never received any formal discipline, and no one formally complained about his performance.

10. Maue returned to Champion as the Assistant Production Manager.

11. From the beginning, the head of this department, Production Manager Juan Carlos Bocanegra (Hispanic), was negative about Maue and told General Manager Read that Maue should only be employed to do walls.

12. Bocanegra was also aware from the beginning that Maue did not speak Spanish, and did his best to exclude Maue from meetings, conversations, and radio requests by consistently speaking Spanish.

13. For example, Bocanegra instructed Blanca Rodriguez, a Hispanic Quality-Inspector RTS, to radio for Maue in Spanish.

14. Further, all employees in Production Management (including Bocanegra) could speak English, but intentionally spoke Spanish over the radio to exclude Maue.

15. Bocanegra also made it a point to conduct all meetings in Spanish without translation for Maue.

16. In fact, at one point Maue was discussing a point in English with other members of his department during a meeting, but as soon as Bocanegra would join, he would convert the entire conversation into Spanish.

17. On or around the fall of 2021, Maue went to Amy Newman, Champion's human resources representative, to bring up the fact that he was being discriminated against because of his race/nationality.

18. Despite Maue's report, Champion did not discernably investigate or remedy this discrimination and it continued, even resulting in another report of discrimination.

19. On or around February 8, 2022, one of Maue's second-level employees, Kerry Hudgins, also white, approached Maue about experiencing similar racial discrimination.

20. Maue instructed Hudgins to report the discrimination to Newman, the same human resources representative he had reported to before.

21. Hudgins reported the discrimination to human resources.

22. Champion took no discernable action to address Hudgins' complaint either.

23. Less than two weeks after Maue encouraged Hudgins to report the discrimination, Maue was terminated by Read on or around February 16, 2022.

24. Champion's stated reason for his termination was that he ventured outside of his assigned area while he was assisting outside.

25. Champion's reason is pretextual because Hispanic employees under Bocanegra were allowed to be in the plant wherever they pleased, including outside of their assigned areas, without reprimand.

26. These employees include Blanca Rodriguez, Javier Carbajal, Sergio Enriquez, and Tavo Montoya.

27. Instead, Champion terminated Maue because of his national origin, race, and/or protected activity.

28. Maue dual-filed a timely charge with the Texas Workforce Commission – Civil Rights Division with regards to Champion's race and national origin discrimination, and retaliation on July 7, 2022.

29. On February 23, 2023, the TWC issued a right to sue for Maue's Charge of Discrimination. This suit is being filed within 60 days of receipt of the Notice of Right to Sue.

30. All conditions precedent to the timely bringing of this lawsuit have been satisfied and fulfilled.

## IV. DISCRIMINATION/RETALIATION IN VIOLATION OF TEXAS LABOR CODE AND SECTION 1981

31. Plaintiff incorporates all preceding paragraphs as if fully stated herein.

32. Defendant was an employer within the meaning of the Texas Labor Code and 42 U.S.C. § 1981.

33. Plaintiff is white and of American national origin.

34. Plaintiff was qualified for his role at all relevant times.

35. Plaintiff was subject to adverse employment actions, up to and including his termination.

36. As described above, Defendant's actions constitute unlawful discrimination on the basis of Plaintiff's race and national origin in violation of Tex. Labor Code § 21.051, et. seq and on the basis of Plaintiff's race in violation of 42 U.S.C. § 1981. Plaintiff was retaliated against for reporting discrimination. The employment practices complained of above were intentional.

37. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claims under the Texas Labor Code and 42 U.S.C. § 1981.

38. As a result of Defendant's unlawful discrimination/retaliation, Plaintiff continues to suffer and expects to continue to suffer pecuniary losses, including but not limited to lost wages and other benefits associated with his employment.

39. As a result of Defendant's discrimination/retaliation, Plaintiff has suffered and continues to suffer non- pecuniary losses including, but not limited to, emotional pain, suffering, inconvenience, personal humiliation, mental anguish, loss of enjoyment of life, and other non-pecuniary damages.

40. Defendant acted at all relevant times with malice and/or reckless indifference to Plaintiff's federally protected rights. Plaintiff therefore seeks punitive damages.

41. Additionally, Plaintiff seeks any and all equitable relief necessary to return him to the position that he would have been in but for Defendant's unlawful discrimination.

42. Defendant's actions referenced above have caused Plaintiff to retain the services of the undersigned counsel in order to pursue his rights in this action. Consequently, Plaintiff seeks attorneys' fees, expert costs, and other costs of suit.

## V. JURY DEMAND

43. Plaintiff hereby makes a demand for a trial by jury on all issues, claims, and defenses in this action that allow for a jury trial.

## VI. PRAYER

44. For these reasons, Maue respectfully requests that Defendant be cited to appear in this matter and that, after jury trial by proof, he be awarded:

   i. Back pay, including but not limited to, lost wages and other employment benefits;

   ii. Reinstatement to the position of employment he would have enjoyed but for the discrimination and retaliation;

   iii. In the event that instatement is not feasible, front pay with respect to all pay and benefits Maue would have received but for the discrimination and retaliation;

   iv. Judgment of compensatory damages for emotional distress, other non-pecuniary loses, and punitive damages against Defendant under Title VII and 42 U.S.C. § 1981.

   v. Judgment against Defendant for Maue's reasonable attorneys' and experts' fees and costs of suit;

vi. Prejudgment and post-judgment interest as allowed by law; and

vii. Such other and further legal and/or equitable relief to which Plaintiff may be justly entitled.

Respectfully submitted,

s/Susan E. Hutchison
Susan E. Hutchison
Texas Bar No. 10354100
sehservice@FightsforRight.com

HUTCHISON & FOREMAN, PLLC
500 East 4th St., Ste. 100
Fort Worth, TX 76102
Tel. 817-336-5533
Fax 817-887-5471

S. Rafe Foreman
Texas Bar No. 07255200
srfservice@FightsforRight.com

HUTCHISON & FOREMAN, PLLC
1312 Texas Ave., Ste. 101
Lubbock, TX 79401
Tel. 806-491-4911
Fax 806-491-9911

ATTORNEYS FOR PLAINTIFF