**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MARK MAUE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:23-cv-00443-K** |
| | § | |
| **CHAMPION HOME BUILDERS, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S MOTION TO STAY OR, IN THE ALTERNATIVE, TO EXTEND CERTAIN DEADLINES**

Defendant Champion Home Builders, Inc. ("Defendant") files this Motion To Stay Or, In The Alternative, To Extend Certain Deadlines ("Motion") and states:

1. This is an employment discrimination case filed pursuant to the Texas Labor Code and Section 1981, arising out of Defendant's termination of Plaintiff's employment. Plaintiff filed suit on February 27, 2023. Defendant filed its Answer to Plaintiff's Original Complaint on January 24, 2024 [Dkt. No. 19].[1]

2. On October 31, 2023, the Court issued a Scheduling Order establishing various case deadlines, including a trial date of March 3, 2025 [Dkt. No. 13]. On the Parties'[2] joint request [Dkt. No. 20], the Court altered the mediation deadline in the Scheduling Order, but it otherwise remains unchanged.

3. Defendant filed its Motion for Summary Judgment and Brief in Support on May 6, 2024 [Dkt. No. 23], and its Amended Motion for Summary Judgment and Brief in Support on June 4, 2024 [Dkt. No. 29] ("MSJ"). In the MSJ, Defendant seeks dismissal of each of Plaintiff's

[1] Prior to filing its Answer, Defendant filed a Rule 12(b)(6) motion to dismiss, which the Court denied.

[2] Plaintiff Mark Maue and Defendant Champion Home Builders, Inc. are referred to herein, collectively, as "the Parties."

existing claims. *See id.*, *generally*. Additionally, and in the alternative, Defendant seeks partial summary judgment on the question of damages – specifically, that Plaintiff is not entitled to back pay or front pay damages after November 3, 2023, the date of an admittedly unforeseeable criminal assault which, by his own admission, left Plaintiff unable to work. *Id*.

4. The Parties completed MSJ-related briefing on July 30, 2024 [Dkt. No. 35]. The Court has not ruled on the MSJ or given an indication as to when the Parties might expect a ruling.

5. Under the Scheduling Order, pretrial disclosures are due on January 29, 2025, and all pretrial material must be filed with the Court on February 12, 2025 [Dkt. No. 13]. The case is set for trial on the Court's three-week docket beginning March 3, 2025.

6. In light of the pending MSJ, which could result in dismissal of all causes of action or, at minimum, resolve a disputed damages issue from contention, Defendant wishes to avoid expending resources preparing for and drafting significant pretrial filings. Therefore, it respectfully requests a stay of all remaining deadlines in this case until such time as the Court has ruled on the MSJ.

7. District courts have wide latitude and discretion to stay proceedings and "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *See Landis v. North American Co*., 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("A district court possesses the inherent power to control its own docket, including the power to stay proceedings."). In managing its docket, a court must exercise judgment, weighing competing interests and maintaining an even balance. *Landis*, 299 U.S. at 254-55. When faced with a motion to stay litigation, courts may consider whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, whether a stay will simplify the issue in question and trial of the case, and whether discovery is complete and

whether a trial date has been set. *See, e.g., In re Pilgrim's Pride Corp.*, 803 F. Supp. 2d 591, 596 (N.D. Tex. 2011) (granting motion to stay proceedings pending resolution of a summary judgment motion "because doing so will promote efficiency and conserve the resources of the Court as well as the parties."), citing *In re Ramu*, 903 F.2d 312, 318 (5th Cir. 1990) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation.") and *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936) (noting that a court has "inherent" power to stay proceedings).

8. A stay would not result in prejudice or tactical disadvantage to either party. To the contrary, staying the remaining case deadlines pending determination of the MSJ will permit the Parties to avoid what might ultimately be needless expenditures of time, effort, and financial resources. Furthermore, a stay pending resolution of the MSJ has the potential to narrow or simplify the matters in dispute and perhaps resolve them entirely. Thus, all of the relevant factors weigh in favor of a stay. Defendant does not seek a stay for purposes of delay only, but rather so that justice may be done.

9. ***In the alternative***, if the Court is inclined to deny the request for a stay, then Defendant seeks a 60-day extension of the trial date and remaining pretrial deadlines in the Scheduling Order, which would result in the following deadlines: (1) March 31, 2025, for pretrial disclosures; (2) April 14, 2025, for the filing of pretrial materials; and (3) trial on a three-week docket beginning May 1, 2025.

10. On December 30, 2024, Defendant conferred with Plaintiff concerning the relief requested in this Motion. Plaintiff's counsel responded that while she appreciates the desire to obtain a ruling on Defendant's MSJ before trial, she has had occasions where her clients have proceeded to trial with a pending motion for summary judgment and the Court took up the motion

as a motion for judgment as a matter of law, and therefore that "from the Plaintiff's perspective, we would prefer to proceed with trial."

**RELIEF REQUESTED**

For the foregoing reasons, Defendant respectfully requests that the Court grant this Motion; remove the case from its March 3, 2025, trial docket and stay the identified deadlines or, in the alternative, extend the trial date and other deadlines by 60 days; and grant all other relief, general or special, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

By: *_/s/ John M. Barcus_*
JOHN M. BARCUS
Texas State Bar No. 24036185
john.barcus@ogletree.com
MOLLY ANN LAWRENCE
Texas State Bar No. 24083365
mollyann.lawrence@ogletree.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
8117 Preston Road, Ste. 500
Dallas, Texas 75225
Tel: (214) 987-3800

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF CONFERENCE**

On December 30, 2024, the undersigned conferred with Plaintiff's counsel, Susan Hutchison, concerning the relief requested in this Motion. As indicated above, the Motion is opposed.

*/s/Molly Ann Lawrence*
MOLLY ANN LAWRENCE

**CERTIFICATE OF SERVICE**

I hereby certify that on December 31, 2024, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system.

*/s/Molly Ann Lawrence*
MOLLY ANN LAWRENCE